UNITED STATES, Appellee

v

LARRY A. BRAUD, Seaman Recruit, U. S. Coast Guard, Appellant

11 USCMA 192, 29 CMR 8

No. 13,223

Decided January 29, 1960

*Lieutenant Commander William Kesler, Jr.,* argued the cause for Appellant, Accused.

*Commander Louis F. Sudnik* argued the cause for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

In accordance with his pleas of guilty, accused was convicted by special court-martial[1] of two specifications alleging drunk and disorderly conduct, violations of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to bad-conduct discharge and confinement at hard labor for six months. The convening authority approved the sentence, but mitigated two months of the confinement portion of the punishment to two months' restriction and hard labor, and suspended the remaining four months of the adjudged confinement and the punitive discharge with a provision for automatic remis-

sion. The record was then forwarded to the officer exercising general court-martial jurisdiction, who, not having a staff legal officer on duty, sent the record to Coast Guard Headquarters "for supervisory authority action." Thereupon, the record was forwarded to the board of review for action. See Article 65(b) of the Code, 10 USC § 865, and paragraph 94a(3), Manual for Courts-Martial, United States, 1951. The board affirmed the findings and sentence, and thereafter the General Counsel of the Department of the Treasury certified the case to this Court for review under the provisions of Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, requesting

[1] CGCMS 20994

us to determine whether the court-martial was legally constituted.

The single jurisdictional issue before us arises from the following facts. The special court-martial which tried accused was convened by the commanding officer of the Coast Guard Cutter Half Moon, and was composed of three members. One, Lieutenant Furgerson, a Senior Assistant Surgeon, United States Public Health Service, was, at the time of accused's trial, on active duty with the United States Coast Guard and his assigned task was on board the above-mentioned vessel. He was appointed and served as president of the court that tried accused. There is no question about the qualifications or competency of the two Coast Guard officers who served as the other court members. Accordingly, the answer to the certified issue turns upon whether the Public Health Service officer was legally authorized to serve on the court-martial, for a special court must consist of not less than three members. Article 16(2), Uniform Code of Military Justice, 10 USC § 816.

Reference to paragraph 4a, Manual for Courts-Martial, United States, 1951, would appear to make the answer to this inquiry most obvious. In pertinent part it provides, with specific reference to the situation presently before us, that:

"Any officer on active duty with the armed forces shall be eligible to serve on courts-martial (Art. 25a).

" . . . Personnel of the Coast and Geodetic Survey and Public Health Service are eligible to serve on courts-martial only when they are on active duty and assigned to duty with an armed force."

As can be seen from the facts previously set forth, the Public Health Service officer met those tests at the time of his service on the court. The issue, however, is not of such simple solution. Courts-martial are statutory tribunals created by Congressional enactment. Accordingly, in order to determine whether the Manual, supra, announces a correct principle, we must look to the statutory provisions dealing with the composition of courts-martial.

Article 25 of the Uniform Code of Military Justice governs who may serve on a court-martial. As originally enacted into law by the Act of May 5, 1950, it provided, insofar as is pertinent in the case at bar:

"(a) Any officer on active duty with the armed forces shall be eligible to serve on all courts-martial for the trial of any person who may lawfully be brought before such courts for trial." [64 Stat 116.]

We note, however, that the law has subsequently been reenacted in altered form in the codification of Title 10 of the United States Code by the Act of August 10, 1956. Article 25(a) of the Uniform Code, 10 USC § 825, now provides:

"Any commissioned officer on active duty is eligible to serve on all courts-martial for the trial of any person who may lawfully be brought before such courts for trial."

It is immediately apparent that the present statute deletes the phrase "with the armed forces" from the original codal provision. Appellate defense counsel urges us to take the position that, as changed, the Article requires a court member to be on full time duty in the military service in order to serve on a court-martial. See 10 USC § 101 (22), defining active duty, which, although not a part of the Uniform Code of Military Justice, was added to Title 10 by the Act of 1956. To support his argument, it is pointed out by defense counsel that whereas the commissioned corps of the Public Health Service may become part of the armed forces upon proclamation by Executive Order in time of emergency or war (42 USC § 217), such is not now, nor was it the case at the time of accused's trial. Hence, it is argued that the Public Health Service officer was not in the military service and thus could not properly serve as a member of accused's court-martial.

We cannot join in that view. As appellate defense counsel admits and as the board of review pointed out in its well-reasoned opinion, the explanatory note to the revision with which we are

presently concerned comments that the words "with the armed forces" were omitted as surplusage. Further, the 1956 Act, which deals with our basic military law, in its title declares it is "To revise, codify, and enact into law, title 10 of the United States Code, entitled 'Armed Forces.'" 70A Stat 1. And, indeed, Congress itself spoke expressly on the matter, stating in Section 49(a) of the Act:

"In sections 1–48 of this Act, it is the legislative purpose to restate, without substantive change, the law replaced by those sections on the effective date of this Act." [70A Stat 640.]

From the foregoing it is clear beyond peradventure that Congress desired to effect no substantive change by the revision. To the contrary, the Act itself disclaims that intention and dictates that rather it was the legislative intent merely to simplify the language. Accordingly, we agree with the board of review that since no change in the law was intended, and because the language of the revision does not preclude the same construction as its precursor, we must determine the issue in the instant case by the terms of Article 25(a) as originally enacted. See generally 50 Am Jur, Statutes, §§ 446 and 447; 82 CJS, Statutes, § 276 a and b.

There can be no question but that Lieutenant Furgerson was a commissioned officer. 42 USC §§ 204 and 207. Likewise, although the Public Health Service was not integrated into the armed forces under 42 USC § 217, supra, it is equally clear, as we have earlier seen, that he himself was on active duty and was assigned to duty with the Coast Guard. This assignment was authorized by the provisions of section 215(a) of Title 42, United States Code, which permits the Secretary of the Department of Health, Education, and Welfare to detail individual officers to other departments when requested. Furthermore, it is to be borne in mind that under Article 2(8), Uniform Code of Military Justice, 10 USC § 802, Lieutenant Furgerson was, as a Public Health Service Officer assigned to and serving with the Coast Guard, subject to military law. Under these facts, it is patent that Lieutenant Furgerson was an "officer on active duty with the armed forces." Manifestly, he fits the criteria spelled out in Article 25(a), and thus he was eligible to serve on accused's court-martial.

Our holding is in concert with the provision of paragraph 4 of the Manual, supra. Like the Manual's framers, we conclude that since Article 25 required only active duty "with" rather than "in" an armed force, personnel of the Public Health Service may be eligible to serve on courts-martial. See Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, page 21.

Moreover, we point out that our decision is also consistent with the realities of the status of a Public Health Service officer on duty with the military. It should be recognized that for many purposes ordinary active duty by such an officer is treated as if it were active military service. See 42 USC §§ 213(d) and 213a. More important however, when, as in the case at bar, a Public Health Service officer is assigned to active duty with the Coast Guard (see 42 USC § 215(a), supra), he and his beneficiaries are entitled:

" . . . to all rights, privileges, immunities, and benefits now or hereafter provided under any law of the United States in the case of commissioned officers of the Army or their surviving beneficiaries on account of active military service, except retired pay and uniform allowances." [42 USC § 213(a).]

Since he is, as a practical matter, in the military service, he receives the benefits pertaining to that status. And we note that such a status is not unusual for a Public Health Service officer. Indeed, we point out as a matter of interest that the Chief Medical Officer of the Coast Guard is a Public Health Service officer appointed to that position by the Surgeon General. 42 USC § 206(b). And the Public Health Service is charged with providing medical care for Coast Guard personnel. 42 USC § 253(c). The Service would appear, for practical purposes, to provide the

functions of a medical branch for the Coast Guard. Finally, and more importantly, we must give attention to the provisions of section 215(a) of Title 42, supra, which states that:

" . . . Officers detailed for duty with the Army, Air Force, Navy, or Coast Guard shall be subject to the laws for the government of the service to which detailed."

If Lieutenant Furgerson was subject to the laws of the Coast Guard he was compelled to serve on the court-martial when so ordered by his appropriate commander.

Taking into consideration all those factors, it should be clear that insofar as military law is concerned Congress intended Public Health Service officers serving on active duty with the Coast Guard to be considered as if they were officers of the Coast Guard. Certainly this is so in the case at bar for Article 1, Uniform Code of Military Justice, 10 USC § 801, provides that the term "armed force" shall be construed to refer to the Coast Guard, and the language of Article 25 of the Code makes officers on active duty with the armed forces eligible to serve on courts-martial. This is not an unusual provision. As we have seen, the nature of the status of such a Public Health Service officer indicates the logic of permitting him so to serve. And a statute authorizing him to do so is not novel, for Congress, even before the advent of the Uniform Code of Military Justice, in the applicable provision of the laws for discipline in the Coast Guard, made Public Health Service officers eligible to serve on courts-martial. 14 USC § 565, 63 Stat 540. While the Uniform Code replaced that statute and introduced a new system of military justice, the new enactment, together with other laws in *pari materia* therewith, forces the conclusion that Congress intended such Public Health Service officers to remain eligible.

For the above reasons we answer the certified question in the affirmative. The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.