**UNITED STATES**

v.

**Private First Class Tommy D. MURRAY, 528–86–8298, US Army, Battery C, 3d Battalion, 71st Air Defense Artillery, APO 09047.**

**CM 433923.**

U. S. Army Court of Military Review.

Sentence Adjudged 23 Sept. 1975.

Decided 29 April 1976.

Appellate Counsel for the Accused: CPT Stephen D. Halfhill, JAGC; CPT Lawrence E. Wzorek, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Richard S. Kleager, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

OPINION OF THE COURT

PER CURIAM:

Appellant raised an issue of jurisdiction for the first time on appeal. His contention is that his personnel records admitted at trial for other reasons show that he was not qualified to enlist under eligibility criteria stated in paragraph 2–1, AR 601–210, Regular Army Enlistment Program, Change 18, dated 18 August 1973. He further avers that this disqualification rendered his enlistment void *ab initio*, with the consequence that he was not thereby made subject to military jurisdiction.

We do not decide anything concerning appellant's status had he, in fact, been ineligible to enlist. The fact is that appellant did meet eligibility criteria in effect at the time of his enlistment, despite the apparent regulatory bar. The regulatory bar asserted in appellant's brief by photocopy of the Regulation's Table A–1, "Minimum Mental Requirements for Non-Prior-Service Men," is not the last word on the subject. A footnote to that Table provides Headquarters, Department of the Army with authority to modify eligibility criteria within the ranges stated in the Table. Such modifications are of force and effect equal to the Regulation which authorizes them and are available to us as part of the Regulation cited by appellant; they are also subject to judicial notice. *United States v. De Maria*, 6 U.S.C.M.A. 585, 20 C.M.R. 301 (1955); *United States v. Roberson*, 12 C.M.R. 768 (A.F.B.R.1953).

The modification we notice is a letter: DAPE–MPE–PS, Use of the Army Classification Battery (ACB) to Determine Acceptability for Enlistment in the Army, from the Deputy Chief of Staff for Personnel, HQ DA to the Commander, US Army Recruiting Command, 8 May 1973. By its terms, Table A–1 was modified to provide that non-high school graduates needed only a minimum AFQT score (10) and two Aptitude Area test scores of 90 or higher to qualify for enlistment. Appellant's personnel record admitted at trial shows one Area score of 90 (OF) and one of 92 (CO), plus an AFQT of 16.

Appellant has not contested the foregoing "notice" or the statements derived therefrom, although given an opportunity to file further pleadings after notice in chambers that our own inquiry had disclosed the existence of the regulatory supplements. Instead he contests the legal force of the supplements of 8 May at the time he enlisted, because the basic Regulation had been amended by Change 18, effective 1 October 1973 and he had enlisted on 30 October 1973. In his view, the changes of 1 October, which included republication of Table A–1, superseded the supplemental standards under which he enlisted and he was ineligible under the higher standards of Table A–1.

The vice of his argument is that the broad eligibility criteria ranges provided in Table A–1 were not changed and the experimental program announced by the supplement of 8 May continued in force through October. (Indeed, they were not altered until 1 July 1975.)

The title page of every change to an Army Regulation contains a statement of its effect, notes that "new or changed material is indicated by a star" and contains instructions for the substitution of new pages for old. An inspection of Change 18 makes it clear that Table A–1 was reprinted as it had appeared since 1972 merely because other material on the same leaf was being changed (A Table of Reenlistment Eligibility Codes appearing as page A2–2). Consequently, the reprinting of Table A–1 is to be treated as a codification and no change of law is to be found, ". . . unless a change was clearly and unmistakenly indicated." *United States v. Braud*, 28 C.M.R. 692, 696 (C.G.B.R.1959), *affm'd* on cert., 11 U.S.C.M.A. 192, 29 C.M.R. 8 (1960). Not only is no change indicated by the reprint, the versions are identical.

Moreover, the experimental standards set by the letter of 8 May were continued beyond the effective date of Change 18 and the time of appellant's enlistment by those charged with the administration of both the Regulation and its supplements. Where administrative and management regulations are concerned, the construction placed on them by responsible officials is entitled to great weight. *United States v. Phillips*, 18 U.S.C.M.A. 230, 39 C.M.R. 230 (1969).

Thus, the standards for enlistment announced in May of 1973 were still in force in October when appellant entered the Army. They were properly formed under the Regulation and properly promulgated. There was no impediment to appellant's enlistment, so he became a member of the Army and subject to trial for the instant offenses.

Accordingly, the findings of guilty and the sentence are affirmed.

CLAUSE, Senior Judge, and DONAHUE and COSTELLO, JJ., concur.