OPINION OF THE COURT
CAIRNS, Senior Judge:
A military judge sitting as a general court-martial found the appellant guilty in accordance with his pleas of fraudulent separation, desertion, false official statement, possession and distribution of marijuana, larceny, and assault consummated by a battery in violation of Articles 83, 85, 107, 112a, 121, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 883, 885, 907, 912a, 921, and 928 (1988) [hereinafter UCMJ]. In accordance with a pretrial agreement and his pleas, appellant was found not guilty of larceny of government property, aggravated assault, and drunk and disorderly conduct. The convening authority approved the adjudged sentence consisting of a bad-conduct discharge, confinement for thirty-eight months, forfeiture of all pay and allowances, and reduction to Private E1.
This case is before the court for automatic review pursuant to Article 66, 10 U.S.C.A. § 866 UCMJ. After reviewing the record of trial, the assignment of errors,[1] the error personally asserted by appellant pursuant to *906 United States v. Grostefon, 12 M.J. 431 (C.M.A.1982), and the government’s reply thereto, we specified the following issue:
WHETHER ARTICLE 3(B), UCMJ, REQUIRES A PRIOR CONVICTION ON CHARGE I (FRAUDULENT SEPARATION) BEFORE THE COURT-MARTIAL COULD EXERCISE JURISDICTION OVER THE APPELLANT FOR CHARGES III, IV, V, VI, AND VII.
We heard oral argument on the assigned and specified issues. We hold the court-martial lacked jurisdiction to try appellant on six of the seven charges; therefore, we affirm in part and reverse in part.
FACTS
After appellant was apprehended for possession and distribution of marijuana, his commander flagged appellant and ordered him to stop his out-processing for a previously initiated medical separation.[2] Despite the flag and the order, appellant procured his fraudulent separation from the Army by submitting falsified clearance documents to the out-processing transfer point. He was issued a Department of Defense Form 214, Certificate of Discharge/Release, and received a check for more than $8,000.00 in severance pay. About a month later, appellant was apprehended by military authorities for fraudulent separation and the offenses listed above. The underlying misconduct for the charges of possession/distribution of marijuana, assault, false official statement by submitting false clearance documents, larceny of government property and severance pay,[3] and drunk and disorderly conduct occurred before his fraudulent separation. The desertion was alleged to have begun the day after his false separation.
All charges were preferred on the same charge sheet, were investigated pursuant to Article 32(b), 10 U.S.C.A. § 832(b), UCMJ, as one set of charges, and were referred together to the same general court-martial. Appellant entered mixed pleas at trial pursuant to a pretrial agreement which dealt with all charges. After the military judge conducted a complete inquiry into the providence of appellant’s guilty pleas, he entered findings consistent with the appellant’s pleas, beginning with a guilty finding for fraudulent separation. Simply stated, the government processed all charges together and subjected appellant to one trial by court-martial for all offenses.
LAW
In Article 3(b), 10 U.S.C.A § 803(b), UCMJ [hereinafter Article 3(b)], Congress constitutionally conferred court-martial jurisdiction over former servicemembers charged with fraudulent discharge or separation. Wickham v. Hall, 12 M.J. 145 (C.M.A.1981); United States v. Cole, 24 M.J. 18, cert, denied, 484 U.S. 828, 108 S.Ct. 97, 98 L.Ed.2d 58 (1987).[4] Article 3(b) “further provides *907 that if the ex-servicemember is convicted of having fraudulently obtained his discharge, he then ‘is subject to trial by court-martial for all offenses ... committed before the fraudulent discharge.’ ” Wickham v. Hall 12 M.J. at 148 (emphasis added); see also United States v. Spradley, 41 M.J. 827 (N.M.Ct. Crim.App.1995).
In construing Article 3(b), the Army Board of Review observed that, “Congress has provided that where a discharge is obtained by fraud, court-martial jurisdiction for offenses committed prior to such discharge is conditional upon a conviction of fraudulently obtaining the discharge.” United States v. Banner, 22 C.M.R. 510, 515 (A.B.R.1956). The Banner Board of Review cited the Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951 [hereinafter MCM, 1951], which provides, “But before the person alleged to have obtained his discharge by fraud may be tried for an offense committed prior to his fraudulent discharge under [Article 3(b) ], he must be tried and convicted of a violation of Article 83(2). Therefore, the code requires two trials in such a case.” Legal and Legislative Basis, MCM, 1951, p. 12.
In Spradley our sister court reached a similar conclusion and stated:
The statutory scheme that permits the court-martial of a fraudulently separated service-member for UCMJ violations committed before the separation establishes the requirement that the member first be charged and convicted of that very crime, i.e., fraudulent discharge under Article 83(2), UCMJ, before he may be tried for other prior offenses. In other words, Congress requires a formal adjudication of fraudulent separation through trial by court-martial before court-martial jurisdiction attaches for other offenses committed prior to the separation.
Spradley, 41 M.J. at 831 (citations omitted).
DISCUSSION
A. OFFENSES COMMITTED BEFORE THE FRAUDULENT DISCHARGE
The plain language of Article 3(b) establishes that a court-martial lacks jurisdiction over offenses committed prior to an alleged fraudulent separation until a predicate conviction of fraudulent discharge has been obtained. Banner, 22 C.M.R. at 515; Spradley, 41 M.J. at 831. Once that fraud has been established by court-martial conviction, Congress has granted power under the UCMJ to try an offender for misconduct occurring before the fraudulent discharge. Jurisdiction over these offenses is limited, however, and “may not be exercised until after the accused has been convicted of fraudulent discharge.” Dep’t of Army, Pam. 27-173, Trial Procedure, para. 9 — 5(c)(3) (31 Dec 1992). We find nothing in the language of the statute, the cases which have construed Article 3(b), the legislative history, or in treatises on military law that suggests Congress intended to empower a court-martial to try all offenses at one time. In fact, those sources of authority point in the opposite direction. We hold, therefore, since there was no predicate conviction for fraudulent separation, that this particular court-martial lacked jurisdiction to try the appellant for those offenses which occurred before his discharge.
The government argues that an Article 3(b) “conviction” requires only a judicial determination of guilt to establish jurisdiction over pre-separation offenses; therefore, once the judge entered a finding of guilty to the fraudulent separation charge, jurisdiction was perfected. We, however, do not agree that such a broad construction of “conviction” is legally correct for two reasons.
First and foremost, Article 3(b) must be construed in light of the Constitutional limitation that Congress can confer no more military jurisdiction over separated soldiers than is “the least possible power adequate to the end proposed.” Wickham v. Hall, 12 M.J. at 151 citing United States ex rel. Toth v. Quarles, 350 U.S. at 23, 76 S.Ct. at 8 (emphasis in original).
Second, under military law the mere announcement of guilty findings is not sufficiently certain to be used to one’s detriment. Under the Manual for Courts-Martial, United States (1995 edition), for purposes of aggravation during sentencing or impeachment of a witness’ credibility, a “conviction” by *908 court-martial occurs when a sentence has been adjudged. Rule for Court-Martial 1001(b)(3)(A) [hereinafter R.C.M.]; Military Rule of Evidence 609(f). We believe these rules ensure a measure of certainty that does not exist at the time findings are announced. This is true because anytime before a sentence is announced, the military judge may reconsider findings of guilty, and an accused may for good cause withdraw his guilty plea. R.C.M. 924(c); R.C.M. 910(h). We believe this level of certainty is at least as important to establish Article 3(b) jurisdiction.
Accordingly, we hold that there is no “conviction” for purposes of Article 3(b) until an adjudged sentence has been announced based on a finding of guilty to the charge of fraudulent separation.
Finally, the government argues that appellant conceded jurisdiction by his guilty pleas and further waived the issue by his failure to make a motion to sever the offenses. Black letter law dictates that jurisdiction is never waived and may be raised at any stage of the proceedings. R.C.M. 907(b); R.C.M. 905(e); see generally 1 FRANCIS A GILLIGAN & FREDRIC I. LEDERER, COURT-MARTIAL PROCEDURE § 18-13.00 (1991). Hence, we are unpersuaded by any argument which relies on waiver or concession of jurisdiction. More importantly, we find in the plain meaning of the statute a limitation on the court-martial’s power to proceed, notwithstanding the desires of the parties. A court cannot do that which exceeds the scope of its jurisdiction.
B. DESERTION OFFENSE FOLLOWING DISCHARGE
The government concedes that under the plain language of Article 3(b) a court-martial lacks jurisdiction over offenses committed between a fraudulent discharge and apprehension for that violation. To the extent that Article 3(b) does not confer jurisdiction over those interstitial offenses, we agree that appellant’s conviction for desertion must be declared void.
We hasten to add, however, that that does not necessarily mean the government has lost jurisdiction over this offense for all time. Although we need not and do not decide the issue, once an accused is convicted of fraudulent discharge, logic compels the conclusion that the discharge was void. Wickham v. Hall, 12 M.J. at 150. Applying this rationale, the government may logically seek to establish jurisdiction over a servicemember under Article 2, 10 U.S.C.A § 802 UCMJ, for those subsequent offenses.
CONCLUSION
The findings of guilty as to Charge I and its Specification are affirmed. The remaining findings of guilty and not guilty are void, and with respect to those charges an “other trial” in accordance with R.C.M. 810 may be ordered by the same or a different convening authority. The sentence is set aside. The same or different convening authority may order a rehearing on sentence as to Charge I and its Specification only. If he determines a rehearing on sentence only is impracticable, he may approve a sentence of no punishment.
Judge TOOMEY and Judge RUSSELL concur.

. ASSIGNMENT OF ERRORS
I
SPECIALIST REID’S PLEA TO CHARGE II AND ITS SPECIFICATION (DESERTION) WAS IMPROVIDENT BECAUSE THE MILITARY DID NOT HAVE JURISDICTION OVER THAT OFFENSE.
II
THE MILITARY JUDGE COMMITTED PLAIN ERROR BY ALLOWING TRIAL COUNSEL TO ELICIT FROM SPC REID’S FIRST SERGEANT THAT SPC REID IS NOT THE TYPE OF SOLDIER THAT WE NEED IN THE ARMY. See generally, United States v. Kirk, 31 M.J. 84 (C.M.A.1990); United States v. Cherry, 31 M.J. 1 (C.M.A.1990); United States v. Grady, 30 M.J. 911 (A.C.M.R.1990); United States v. Ohrt, 28 M.J. 301 (C.M.A.1989); United States v. Homer, 22 M.J. 294 (C.M.A.1986).

. Soldiers are "flagged" when commanders order the suspension of favorable personnel actions based on the criteria and procedures found in Army Reg. 600-8-2, Suspension of Favorable Personnel Actions (FLAGS) (30 Oct 1987).

. The larceny of severance pay actually occurred contemporaneously with the fraudulent separation. For analysis purposes, however, we will treat it as having occurred before the discharge, but in either event the result is the same.

. Article 3(b), UCMJ, provides:
Each person discharged from the armed forces who is later charged with having fraudulently obtained his discharge is, subject to section 843 of this title (article 43), subject to trial by court-martial on that charge and is after apprehension subject to this chapter while in custody of the armed forces for that trial. Upon conviction of that charge he is subject to trial by court-martial for all offenses under this chapter committed before the fraudulent discharge.
In Wickham v. Hall, the Court of Military Appeals (now the Court of Appeals for the Armed Forces) held that Article 3(b) jurisdiction over ex-servicemembers charged with fraudulent separation met the constitutional requirements discussed in United States ex rel. Toth v. Quarles, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8 (1955). Wickham v. Hall, 12 M.J. at 151. In analyzing the Toth criteria, the court noted that Article 3(b) "does not sweep into military jurisdiction all ex-servicemembers but only those who fraudulently procure their release from active duty” and "applies to a single offense ... not to a vast variety of offenses.” Id. (emphasis in original). The Wickham court concluded that the jurisdiction conferred by Congress in Article 3(b) was "the least possible power adequate to the end proposed." Id. at 151, citing Toth, 350 U.S. at 23, 76 S.Ct. at 8 (emphasis in original).