**UNITED STATES, Appellant**

v.

**Delroy G. REID, Specialist
U.S. Army, Appellee.**

No. 96–5006
Crim.App. No. 9401123

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 5, 1996.

Decided June 26, 1997.

For Appellee: *Captain Mark A. Bridges* (argued); *Lieutenant Colonel Michael L. Walters* and *Lieutenant Colonel Peter V. Train* (USAR) (on brief); *Major Leslie A. Nepper.*

For the United States: *Colonel John M. Smith* (argued); *Lieutenant Colonel Eva M. Novak* and *Captain John W. O'Brien* (on brief).

*Opinion of the Court*

EFFRON, Judge:

Under the terms of a pretrial agreement, the accused pleaded guilty at his general court-martial to fraudulent separation, desertion, making a false official statement, possession and distribution of marijuana (2 specifications), larceny of government property, and assault consummated by a battery. He pleaded not guilty to another larceny of government property, aggravated assault, and drunk and disorderly conduct. *See* Arts. 83, 85, 107, 112a, 121, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 883, 885, 907, 912a, 921, 928, and 934, respectively. After the military judge entered findings in accordance with these pleas, he sentenced the accused to a bad-conduct discharge, confinement for 38 months, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results.

During appeal from these convictions and after full consideration of an issue that it had specified, the Court of Criminal Appeals held that, under Article 3(b), UCMJ, 10 USC § 803(b), appellee's court-martial lacked jurisdiction to try any of the charged offenses other than fraudulent discharge. 43 MJ 906, 908 (1996). Consequently, while the court affirmed that finding, it declared all other findings of guilty and not guilty "void" and authorized "an 'other trial'" thereon in accordance with RCM 810, Manual for Courts–Martial, United States (1995 ed.).[1] Additionally, the court set aside the sentence and authorized a rehearing on sentence for the fraudulent discharge alone; alternatively, the court provided that, if the convening authority concluded that a sentence rehearing would be impracticable, he could "approve a sentence of no punishment." *Id.* at 910.

In due course, the Judge Advocate General of the Army certified the case to this Court, *see* Art. 67(a)(2), UCMJ, 10 USC § 867(a)(2) (1994), and asked us whether the court below had erred in its interpretation of Article 3(b) and whether appellee had "accept[ed] jurisdiction" of the court-martial over the other offenses by pleading guilty to fraudulent discharge and thereby "reaffirm[ing his] status as a servicemember." 44 MJ 259. We answer both questions in the negative.

I

The accused was in the midst of a medical separation from the Army when he was apprehended for possession and distribution of marijuana. Consequently, his commander "flagged" him, which should have suspended favorable personnel actions such as a medical discharge. In addition, the commander, through the first sergeant, ordered the accused to stop his out-processing.

The accused, however, submitted "falsified clearance documents to the out-processing transfer point," which enabled him to obtain his separation, complete with a Certificate of Discharge and more than $8,000.00 in severance pay. His freedom was short-lived, and he was apprehended by military authorities about a month after he had obtained his fraudulent separation. 43 MJ at 908.

In the subsequent proceedings, all charges referred to at the outset of this opinion were treated as a single package. They all were preferred, investigated, and referred to court-martial together; trial began and the

1. As to the not-guilty findings, *see United States v. Culver,* 22 USCMA 141, 46 CMR 141 (1973).

accused was arraigned on all charges; his offer to plead guilty and the pretrial agreement into which he and the convening authority ultimately entered addressed all of those charges; and he entered pleas on all charges and their specifications at the same time.

## II

Article 3(b) provides:

Each person discharged from the armed forces who is later charged with having fraudulently obtained his discharge is, subject to section 843 of this title (article 43)[statute of limitations], subject to trial by court-martial on that charge and is after apprehension subject to this chapter while in the custody of the armed forces for that trial. Upon conviction of that charge he is subject to trial by court-martial for all offenses under this chapter committed before the fraudulent discharge.

The misconduct underlying all the charges against the accused, except for desertion, occurred prior to appellee's discharge; the desertion was alleged to have begun the day after his fraudulent separation. During the providence inquiry at trial, the military judge discussed with counsel the impact of Article 3(b) on jurisdiction over the desertion specification in view of the fact that the desertion had occurred after the accused had obtained the fraudulent discharge. No one at trial, however, raised the question under Article 3(b) whether the accused, prior to conviction for fraudulent separation, could be subjected to trial by court-martial for offenses arising from his pre-discharge misconduct. Indeed, defense counsel specifically answered affirmatively when the military judge asked whether counsel was "satisfied that there are no defenses which exist to these offenses[.]"

## III

Both the Supreme Court of the United States and this Court have recognized the sensitivity of constitutional and statutory concerns relating to court-martial jurisdiction over civilians. See, e.g., United States ex rel.

Toth v. Quarles, 350 U.S. 11, 76 S.Ct. 1, 100 L.Ed. 8 (1955); Wickham v. Hall, 12 MJ 145 (CMA 1981)(3 opinions). Within constitutional parameters, the power to exercise court-martial jurisdiction is a matter governed by statute.

■ With certain narrow exceptions not relevant here, a court-martial does not have jurisdiction to try civilians, including former servicemembers. Toth v. Quarles, supra. A lawful discharge from military service normally terminates the constitutional and statutory power of a court-martial to try such a person, even for offenses allegedly committed prior to the discharge.

It is a different matter, however, when the person has obtained a fraudulent discharge. Congress has provided in Article 3(b) that such a person is "subject to trial by court-martial on that charge" of fraudulent discharge. See United States v. Cole, 24 MJ 18, 22 (CMA 1987)(sustaining the constitutionality of Article 3(b) to try and punish such a person "for his role in the procurement of this fraudulent separation"). Article 3(b) further provides: "Upon conviction of that charge he is subject to trial by court-martial for all offenses under this chapter committed before the fraudulent discharge." (Emphasis added.)

■ The plain language of the statute contemplates a two-step trial process. If the Government seeks to court-martial a discharged servicemember on an allegation of having obtained that discharge fraudulently, it can do so. Then, "[u]pon conviction of that charge," the Government may subject that servicemember to court-martial for any offense committed before the fraudulent discharge.

■ In effect, Congress has determined that a fraudulent discharge is voidable, not void, and that a court-martial provides an appropriate forum for adjudicating the matter. "Upon conviction" of the fraudulent separation, the discharge no longer is valid, thereby continuing court-martial jurisdiction over the person for offenses committed prior to the purported discharge. See Cole, supra at 22 (construing Article 3(b), "separation

was determined to be fraudulent, hence neither legal nor final").

This view of the construction of Article 3(b) is not new with this opinion. The Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951—the initial, albeit unofficial, interpretation of the Uniform Code of Military Justice prepared by the Department of Defense after enactment—provides:

> But before the person alleged to have obtained his discharge by fraud may be tried for an offense committed prior to his fraudulent discharge under ... [Article 3(b) ], he must be tried and convicted of a violation of Article 83(2) [Fraudulent enlistment, appointment or separation]. Therefore, the code requires two trials in such a case.

Legal and Legislative Basis, *supra* at 12.

This interpretation was adopted by the Army Board of Review in *United States v. Banner*, 22 CMR 510, 515 (1956). *Accord United States v. Spradley*, 41 MJ 827, 831 (N.M.Ct.Crim.App.1995). Moreover, in a different but related context, this Court in *Cole* noted that, under Article 3(b), "only those who a court-martial finds were fraudulently separated from active duty face this travail" of court-martial for offenses that occurred prior to that separation. 24 MJ at 23. In fact, we have been cited to no authority that reflects another construction.

The Government has urged upon this Court arguments of efficiency and effectiveness in support of simultaneous exercise of jurisdiction over a charge of fraudulent discharge and other charges. The Government contends that constitutional concerns would be met so long as a conviction on the other charges would be dependent upon conviction of the fraudulent discharge in the same proceeding. Assuming the constitutionality of such a one-step process, those arguments are matters of policy to be addressed to Congress, not this Court.

Congress, in its wisdom, has determined that no person accused of fraudulent discharge may be subjected to trial by court-martial for other offenses until there has been a court-martial conviction for the fraudulent discharge. Subjecting a discharged servicemember to court-martial proceedings for such other offenses prior to determining that the discharge was fraudulent would be inconsistent with the plain meaning and uniform construction of the statute. We note, as well, that the two-step concept of jurisdiction chosen by Congress in Article 3(b) is entirely consistent with this expression of the Supreme Court in *Toth v. Quarles:* "Determining the scope of the constitutional power of Congress to authorize trial by court-martial presents another instance calling for limitation to 'the least possible power adequate to the end proposed.'" 350 U.S. at 23, 76 S.Ct. at 8.

IV

■ The Government did not comply with Article 3(b) in this case. As noted earlier, all charges at this court-martial were treated at all stages and in all respects as a single package. Moreover, the military judge announced all of his findings at one time. The fact that he announced his finding on the charge of fraudulent discharge first did not provide a basis for subjecting appellee to trial on the other charges prior to his "conviction" for fraudulent discharge. Article 3(b) unambiguously provides that appellee was not "subject to trial" on the other charges until after he first was convicted of fraudulent discharge—not merely that he was not subject to conviction on them. *See* Legal and Legislative Basis, *supra* at 12 (Article 3(b) "requires two trials.").

For purposes of Article 3(b), we conclude that "conviction" of fraudulent discharge means more than the initial announcement of findings. *Cf.* RCM 1001(b)(3)(A), Manual, *supra* (1995 ed.) (For purposes of the rule permitting the Government to introduce evidence of prior convictions of an accused during presentencing proceedings, there is no "conviction" in a court-martial until "a sentence has been adjudged."). At any time before a sentence is announced, a military judge has discretion to permit a guilty-pleading accused to withdraw his plea; and a military judge must set aside a guilty plea where it appears at any point prior to sen-

tencing that it was entered improvidently. RCM 910(h). Also, we note that, in a judge-alone trial, a military judge serving as the factfinder can reconsider a finding at any time prior to announcement of the sentence. RCM 924(c), Manual, *supra* (1994 ed.). Under these circumstances and in the context of the interests served by Article 3(b), we hold that "conviction" means more than a "finding"—it means the adjudication of findings and sentence.[2]

Accordingly, we hold that, until a court-martial reached a finding of guilty of fraudulent discharge and announced a sentence therefor, no court-martial had jurisdiction to try allegations of misconduct that occurred prior to the fraudulent discharge. Therefore, the first certified question is answered in the negative. The court below did not err in concluding as we hold today.

## V

■ The second certified question suggests that, nevertheless, appellee "accept[ed] 'jurisdiction'" in connection with the other charges by pleading guilty to the fraudulent-discharge allegation. The Government has urged us to consider concepts of waiver and defense-invited error in support of its argument that appellee "conditionally accepted" jurisdiction over himself and "voluntarily submitted himself to military jurisdiction" to try the charges in addition to the fraudulent discharge allegation. Final Brief at 11.

We find more persuasive the views of the Court of Criminal Appeals, which noted that "jurisdiction is never waived and may be raised at any stage of the proceedings." On this basis, the court concluded:

> Hence, we are unpersuaded by any argument which relies on waiver or concession of jurisdiction. More importantly, we find

in the plain meaning of the statute a limitation on the court-martial's *power* to proceed, notwithstanding the desires of the parties. A court cannot do that which exceeds the scope of its jurisdiction.

43 MJ at 910.

Accordingly, the second certified question is answered in the negative. We hold that, in a fraudulent-discharge case, an accused may not "accept" jurisdiction of a court-martial to try the other offenses, even by pleading guilty.

## VI

The court below was correct when it declared the convictions of the other offenses void and ordered remedial action on the sentence.

The decision of the United States Army Court of Criminal Appeals authorizing an "other trial" and a rehearing on sentence is affirmed.

Chief Judge COX and Judges CRAWFORD and GIERKE concur.

SULLIVAN, Judge (concurring):

I agree with my learned Brother's disposition of this case and write only to underscore the main point here that the plain language of the statute (Art. 3, Uniform Code of Military Justice, 10 USC § 803) decides this case. Article 3 envisions two trials under the factual scenario of the case at bar. Although the arguments of efficiency, logic, and equity are strong and sane arguments on the side of the Government, the accused here has the law squarely and decisively on his side. Justice Oliver Wendell Holmes, Jr., has stated, "The life of the law has not been logic; it has been experience." *O.W. Holmes, The Common Law* 1 (1881).

---

**2.** We are not convinced that such a conviction needs to be "final" in the sense of completion of appellate review in order to serve the purposes of Article 3(b), Uniform Code of Military Justice, 10

USC § 803(b). *Cf.* RCM 1001(b)(3)(B); Mil. R.Evid. 609(e); and Drafters' Analysis of RCM 1001(b)(3), Manual for Courts–Martial, United States (1995 ed.) at A21–67.