IN THE CASE OF

UNITED STATES, Appellee

v.

Keith R. BREVARD, Sr., Sergeant
U.S. Army, Appellant

No. 03-6002

Crim. App. No. 20020711

United States Court of Appeals for the Armed Forces

Argued February 4, 2003

Decided March 5, 2003

EFFRON, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., GIERKE, BAKER, and ERDMANN, JJ., joined.

Counsel

For Appellant: Captain Fansu Ku (argued); Colonel Robert D.
    Teetsel, Lieutenant Colonel E. Allen Chandler, Jr., and
    David Court, Esquire (on brief); Major Jeanette K. Stone.

For Appellee:  Captain Mark A. Visger (argued); Lieutenant
    Colonel Lauren B. Leeker and Lieutenant Colonel Paul H.
    Turney (on brief).

Military Judges:  Donna L. Wilkins and Stephen R. Henley

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Judge EFFRON delivered the opinion of the Court.

Charges against Appellant have been referred to two separate courts-martial. The first court-martial, which has been abated, involves charges that Appellant committed a variety of offenses against persons, property, and military authority. The second court-martial, which is the subject of the present appeal, involves a separate charge of fraudulent separation, in violation of Article 83, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 883 (2002). The military judge at Appellant's second court-martial dismissed the charge of fraudulent separation on the grounds that the Government had violated Appellant's right to a speedy trial under Article 10, UCMJ, 10 U.S.C. § 810 (2002). Upon appeal by the Government under Article 62, UCMJ, 10 U.S.C. § 862 (2002), the Army Court of Criminal Appeals reversed the military judge's ruling dismissing the fraudulent separation charge, thereby allowing the second court-martial to proceed. We granted Appellant's petition for review and hold that the military judge erred in ruling that there was a speedy trial violation. Accordingly, the record of trial is returned to the military judge so that Appellant's second court-martial may proceed on the charge of fraudulent separation.

## I.    BACKGROUND

### A.    Appellant's First Court-Martial

On February 13, 2002, Appellant was arraigned at a general court-martial on charges alleging desertion, disobeying a lawful order from his superior commissioned officer, damage to military property, larceny, assault on a noncommissioned officer, obstruction of justice, and false swearing, in violation of Articles 85, 90, 108, 121, 128, and 134, UCMJ, 10 U.S.C. §§ 885, 890, 908, 921, 928, 934 (2002).  Judge Donna Wilkins presided. Before entering pleas, the defense moved to dismiss all charges, contending that the court-martial did not have personal jurisdiction over Appellant because he had been discharged from the Army on August 11, 2001.  See Article 2(a)(1), UCMJ, 10 U.S.C. § 802(a)(1).  Citing United States v. Melanson, 53 M.J. 1 (C.A.A.F. 2000), the Government responded that Appellant had not received a lawful discharge because he had not received his discharge certificate, he had not received a final accounting of his final pay, and he had not completed the required administrative clearing process.

After extensive litigation of the jurisdictional issue, the military judge ruled by a preponderance of the evidence that Appellant had been discharged upon expiration of his term of service when Appellant successfully made fraudulent

representations to separation officials that enabled him to overcome steps that had been taken by his command to prevent his discharge. In light of evidence that the discharge had been obtained by fraud and upon consideration of applicable legislation, she further ruled that the Government could not proceed on the charges pending before that court-martial unless the Government obtained a conviction for fraudulent separation. See Article 3(b), UCMJ, 10 U.S.C. § 803(b) (2002); United States v. Reid, 46 M.J. 236 (C.A.A.F. 1997).

The military judge then abated the proceedings. Trial counsel and the military judge agreed on the record that the Government had three options at that point: (1) request reconsideration of the military judge's ruling, (2) appeal that ruling to the Court of Criminal Appeals under Article 62, or (3) endeavor to convict Appellant of fraudulent separation as a predicate to proceeding on the abated charges. The military judge added that she would reconvene the court-martial at a future date to assess actions taken in response to her ruling. She explained, "That way I keep track of this case and it's not sitting out there."

The Government did not seek reconsideration of the military judge's ruling, nor did it perfect an appeal of that ruling under Article 62. Although the Government began the appeal process by filing a timely written notice of appeal, the

Government's Appellate Division "elect[ed] not to appeal" after the Government "fail[ed] to timely file all necessary documentation" in the Court of Criminal Appeals. United States v. Brevard, 57 M.J. 789, 792 (A. Ct. Crim. App. 2002).

## B. Appellant's Second Court-Martial

On April 1, 2002, a charge of fraudulent separation in violation of Article 83 was preferred against Appellant. On May 15, that charge was referred to a court-martial, Appellant's second court-martial. The fraudulent separation charge was the sole charge referred to the second court-martial.

The military judge assigned to Appellant's second court-martial was Judge Wilkins, the same military judge who presided at the first court-martial. Appellant was arraigned before the second court-martial on May 23, 2002. In the course of explaining Appellant's rights to counsel, Judge Wilkins referred to the first court-martial, emphasizing that the second court-martial for fraudulent separation was "a new and separate trial." While indicating confidence that it was appropriate for her to preside over Appellant's arraignment, she added that, following arraignment, she would arrange for transfer of the responsibility for the case to a different military judge.

Appellant's second court-martial resumed on June 10, with Judge Henley presiding. After Appellant moved to dismiss the

fraudulent separation charge based on lack of speedy trial, the parties presented evidence, and the military judge took the matter under advisement.

When the session pursuant to Article 39(a), UCMJ, 10 U.S.C. §§ 839(a)(2002), reconvened on July 3, the military judge ruled that Appellant's speedy trial rights under Article 10 had been violated, and he dismissed the fraudulent separation charge with prejudice. According to the military judge, the Government's decision to proceed on the larceny-related charges rather than on fraudulent separation at Appellant's first court-martial "was based on a grossly negligent and unreasonable interpretation of both the undisputed facts and the existing case law," and the Government "could have proceeded to trial on the fraudulent separation charge much sooner than 1 April 2002 but negligently chose not to do so."

### C. The Government Appeal of the Speedy Trial Ruling at Appellant's Second Court-Martial

The Government filed a timely appeal under Article 62 of the military judge's dismissal of the fraudulent separation charge at Appellant's second court-martial. The Court of Criminal Appeals reversed the dismissal of the charge, holding that the military judge erred in concluding that the Government was grossly negligent and unreasonable in not proceeding first on the fraudulent separation charge. Brevard, 57 M.J. at 794.

## II.  DISCUSSION

### A.  Review of the Speedy Trial Ruling at Appellant's Second Court-Martial

In Appellant's first court-martial, the military judge made a jurisdictional ruling that Appellant had been discharged, and the Government did not appeal or seek reconsideration of that ruling.  The question of whether Appellant was discharged as a matter of law or fact is not the subject of the present appeal, which addresses the validity of the military judge's speedy trial ruling in Appellant's second court-martial.  The issue before us is whether the Government, in not first proceeding against Appellant on the fraudulent separation charge, failed to act with reasonable diligence for speedy trial purposes.  See United States v. Cooper, 58 M.J. 54, 60 (C.A.A.F. 2003).

Although the present case does not call upon us to review the validity of the military judge's ruling as to Appellant's discharge in the first trial, it is appropriate for us to look at the facts concerning the discharge issue in the first trial to determine whether the Government was reasonably diligent in the manner in which it chose to proceed.  Under these circumstances, we may consider whether the Government had a reasonable, good faith belief that Appellant had not been lawfully or fraudulently discharged when it decided to proceed

7

initially on the underlying charges rather than on the issue of fraudulent separation.

In Melanson, this Court stated that one of the conditions precedent to a lawful discharge is that "the member's final pay or a substantial part of that pay is ready for delivery to the member." 53 M.J. at 2 (citations and internal quotations omitted). In that regard, we note the following facts from the record of trial in Appellant's first court-martial, as outlined by the court below:

> [T]he installation-level Finance personnel computed an estimate of [Appellant's] final pay on a Separations Worksheet and reviewed the results with him . . . .
>
> On 16 August 2001, [Appellant] failed to appear at his Article 32, UCMJ, hearing [on the original charges]. Later that day, at trial counsel's request, the Finance commander directed no further processing of [Appellant's] final pay. Installation-level Finance had not yet conducted their required computer check with the Department of Defense Finance and Accounting Service (DFAS) to determine if [Appellant] owed money to the government. Moreover, the installation-level Finance auditor had not yet conducted the final audit before payment of 80% of [Appellant's] pay. An authorizing official at installation-level did not approve any payments to [Appellant], and no money was, in fact, transferred or deposited into [Appellant's] bank account until after he returned to military control.

Id. at 791 (footnote omitted).

We need not reach the question in the present appeal of whether Appellant was lawfully or fraudulently discharged. Likewise, we need not decide whether, or in what manner,

8

Melanson might apply to the present case. The facts outlined by the court below demonstrate that the Government had a reasonable, good faith basis, in light of Melanson, for proceeding on the basis that Appellant had not been discharged. Under these circumstances, the Government did not violate its reasonable diligence responsibilities when it decided to proceed against Appellant in the first trial without initially obtaining a fraudulent separation conviction. Accordingly, the military judge in Appellant's second court-martial erred in dismissing the fraudulent separation charge for a speedy trial violation.

## B. Status of the Pending Courts-Martial

Appellant's second court-martial may proceed on the charge of fraudulent separation, the only charge pending before that court-martial. That court does not have jurisdiction over Appellant's first court-martial, a distinct legal proceeding. Accordingly, we do not agree with the suggestion by the Court of Criminal Appeals, 57 M.J. at 794 n.15, that the military judge in the second case may take action with respect to the charges pending in the first trial.

The posture of Appellant's first court-martial is that the trial on the merits stands abated -- a posture from which the Government did not seek recourse either through a motion for reconsideration or through an interlocutory appeal under Article

62. Although it was appropriate for the Court of Criminal Appeals to consider matters from the first trial for the limited purpose of reviewing the speedy trial ruling in the second trial, the Court of Criminal Appeals in an appeal from a ruling at Appellant's second court-martial did not have jurisdiction over Appellant's first court-martial -- a separate trial. See Article 62(a)(1).

We express no opinion as to the validity of the rulings made in that first court-martial, in which the trial on the merits remains abated. In ruling on the question of law as to whether the court-martial had jurisdiction over Appellant, the military judge at Appellant's first court-martial determined by a preponderance of the evidence that Appellant had been discharged. Whether Appellant committed the offense of procuring a fraudulent separation is a matter that must be proved beyond a reasonable doubt at Appellant's second court-martial. See Manual for Courts-Martial, United States (2002 ed.), Part IV, para. 7.b(2). The issue of what, if any, action may be taken with respect to the charges in the first court-martial is not before this Court in the present appeal.

## III. DECISION

The decision of the United States Army Court of Criminal Appeals, which reversed the military judge's dismissal of the

fraudulent separation charge, is affirmed.  The record of trial of Appellant's second court-martial is returned to the Judge Advocate General of the Army for remand to the court-martial. Appellant's second court-martial may proceed on the fraudulent separation charge in a manner not inconsistent with this opinion.