# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Justin B. EUBANKS
### Commander (O-5), U.S. Public Health Service

### CGCMG 0405
### Docket No. 1500

### 11 December 2024

General court-martial sentence adjudged on 11 July 2023.

| | |
|---|---|
| Military Judge: | CAPT Ted R. Fowles, USCG |
| | CDR Emily P. Reuter, USCG |
| Appellate Defense Counsel: | LCDR Thadeus J. Pope, USCG |
| Appellate Government Counsel: | LT Elizabeth M. Ulan, USCG |

### BEFORE
### McCLELLAND, JUDGE & BRUBAKER
Appellate Military Judges

BRUBAKER, Judge:

A military judge sitting as a general court-martial convicted Appellant, consistent with his pleas entered in accordance with a plea agreement, of one specification of indecent exposure and one specification of conduct unbecoming an officer and gentleman, in violation of Articles 120c and 133, Uniform Code of Military Justice (UCMJ). Appellant was sentenced to pay a fine of $8,000 and a reprimand. Judgment was entered accordingly.

Appellant personally raises two issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982):

I. Whether the Coast Guard had court-martial jurisdiction over Appellant, an officer of the U.S. Public Health Service Commissioned Corps, at the time of the alleged offenses and trial; and

II.      Whether assistant trial counsel committed unlawful command influence when she told Ms. C.G. that Appellant did not want "help," thereby convincing Ms. C.G. to participate in the court-martial.

We conclude there was no error and affirm.

## Jurisdiction

Whether a court-martial has jurisdiction over an accused is a question of law that we review de novo. *United States v. Ali*, 71 M.J. 256, 261 (C.A.A.F. 2012). General courts-martial have jurisdiction to try all persons subject to the UCMJ. Art. 18(a), UCMJ. Personal jurisdiction therefore depends on the status of the person, that is, whether they were subject to the UCMJ at the time of the offense and at the time of trial. *Ali*, 71 M.J. at 265. Members of the Public Health Service are subject to the UCMJ "when assigned to and serving with the armed forces." Art. 2(a)(8), UCMJ; *see also United States v. Braud*, 29 C.M.R. 8, 10 (1960) (concluding a Public Health Service Officer was assigned to and serving with the Coast Guard and therefore subject to military law and eligible for service as a member).

Appellant, a member of the Public Health Service, disputes that, at the time of the offenses and trial, he was assigned to and serving with the Coast Guard. He asserts that a document in his service record—a set of orders from 2017 assigning him to a new Coast Guard duty station and indicating a future rotation date of 1 August 2022—demonstrates he was no longer assigned to or serving with the Coast Guard after that date. We disagree.

At his court-martial below, Appellant stipulated as fact that from 2012 through his court-martial, he was continuously assigned to and serving with the Coast Guard in an active-duty status from 2012 through his court-martial. He attested under oath that he had read the stipulation thoroughly and that everything in it was true. During the providence inquiry, Appellant testified that at the time of each offense, he was a commissioned officer in the Public Health Service on active duty with the Coast Guard and had not been discharged or released from active duty since that date.

It is axiomatic that the issue of jurisdiction is never waived and can be raised at any time. R.C.M. 907(b)(1); *United States v. Reid*, 46 M.J. 236, 240 (C.A.A.F. 1997). Appellant's sworn statements nonetheless provide strong, if not conclusive, evidence on the factual question of whether he was assigned to and serving with the Coast Guard throughout the relevant period. *See* R.C.M. 811(e) ("Unless properly withdrawn or ordered stricken from the record, a stipulation of fact that has been accepted is binding on the court-martial and may not be contradicted by the parties thereto.").

Further, the record supports rather than contradicts Appellant's continuous assignment to and service with the Coast Guard—his expected rotation date on a set of permanent change of station orders notwithstanding. *See* Pros. Ex. 1. In 2012, the Public Health Service assigned Appellant to the Coast Guard for an indefinite period, unless indicated otherwise in his orders. Nothing in his orders ever indicated otherwise; from 2012 until his court-martial, Appellant was continuously assigned to Coast Guard duty stations with no indication that his assignment to the Coast Guard was terminated or suspended. When, in 2017, the Coast Guard ordered Appellant to a new duty station, his orders anticipated a rotation date of 1 August 2022. This does not imply that Appellant's assignment *to the Coast Guard* would end on that date—it was a "rotation" date, not an "end of assignment to the Coast Guard" date.

Perhaps more importantly, prior to Appellant's anticipated rotation date, evidence of his misconduct came to light, and the Coast Guard neither allowed him to rotate to a new duty assignment within the Coast Guard nor terminated his assignment to the Coast Guard. On 12 May 2022, an initial set of charges against him was preferred, at which point court-martial jurisdiction attached. R.C.M. 202(c). It never terminated and Appellant remained assigned to and serving with the Coast Guard through his court-martial.

We therefore conclude that the court-martial had jurisdiction over Appellant under Article 2(a)(8), UCMJ.

**Unlawful Command Influence**

Ms. C.G., a named victim in one of the specifications to which Appellant pleaded guilty, stated to investigators that in a previous meeting with the assistant trial counsel (ATC), she had told the ATC she wanted Appellant "to get help." App. Ex. 62 at 2. She said the ATC "was like, well, I'm going to tell you right now, that he doesn't want it. And that made up my mind to—like she asked if I would come out there if they needed me. Then, yeah . . . . especially if he doesn't want help." *Id.* at 2. After Ms. C.G. met with the ATC, Appellant submitted a plea offer to the Government indicating he had begun to receive counseling and treatment. Based on this, Appellant asserts the ATC's statement that Appellant did not want help was false, induced Ms. C.G. to participate in the court-martial, and constituted unlawful command influence. We disagree.

Appellant has the initial burden of establishing: "(1) facts, which if true, constitute unlawful influence; (2) unfairness in the court-martial proceedings (i.e., prejudice to the accused); and (3) that the unlawful influence caused that unfairness." *United States v. Barry*, 78 M.J. 70, 77 (C.A.A.F. 2018) (citing *United States v. Boyce*, 76 M.J. 242, 248 (C.A.A.F. 2017)). The prohibition against unlawful influence is codified in Article 37, UCMJ, which provides in relevant part:

> No person subject to [the UCMJ] may attempt to coerce or, by any unauthorized means, attempt to influence the action of a court-martial or . . . any member thereof, in reaching the findings or sentence in any case, or the action of any convening, approving, or reviewing authority . . . with respect to such acts taken pursuant to this chapter as prescribed by the President.

Art. 37(a)(3), UCMJ.

We conclude that Appellant has not met his initial burden. First, he does not establish facts that, if true, constitute unlawful influence. There is nothing out of the ordinary or unlawful about a prosecutor encouraging a potential witness to speak to investigators and to testify truthfully at subsequent proceedings. Appellant concedes as much, but he asserts that the ATC's use of incorrect information to induce Ms. C.G. was an unauthorized means of influencing a witness. Appellant's plea offer, with its indication he was seeking treatment, however, came *after* the ATC's statement; there is no evidence that at the time she made the statement, the ATC

knew it to be false. Appellant fails to present some evidence that the ATC's statement, even if ultimately shown to be incorrect, was an unauthorized means to attempt to influence the action of the court-martial.

Second, Appellant does not establish that the ATC's comment caused unfairness in the proceedings. Appellant does not allege, nor is there evidence to support, that Ms. C.G. was chilled from providing evidence helpful to Appellant or influenced into giving false or tainted evidence against Appellant. Appellant freely admitted to the conduct alleged by Ms. C.G. and knowingly and voluntarily pleaded guilty to it. We perceive no unfairness in the proceedings.

Appellant also asserts that, even if there was no actual unlawful influence, there was apparent unlawful influence. In the past, military appellate courts have recognized that even when there is no showing of actual prejudice arising from unlawful influence, an accused may still be entitled to relief for the appearance of unlawful influence. *Boyce*, 76 M.J. at 248. Under this jurisprudence, it is sufficient for an accused to demonstrate: (1) facts that, if true, constitute unlawful command influence; and (2) that "this unlawful command influence placed an 'intolerable strain' on the public's perception of the military justice system because 'an objective, disinterested observer, fully informed of all the facts and circumstances, would harbor a significant doubt about the fairness of the proceeding.' " *Id*. at 249 (quoting *United States v. Lewis*, 63 M.J. 405, 415 (C.A.A.F. 2006)).

Recent amendments to the UCMJ call the vitality of this jurisprudence into question. Art. 37(c), UCMJ (2019) ("No finding or sentence of a court-martial may be held incorrect on the ground of a violation of this section unless the violation materially prejudices the substantial rights of the accused."); *United States v. Gilmet*, 83 M.J. 398, 401, n.2 (C.A.A.F. 2023); *In re Vargas*, 84 M.J. 734, 740-41 (A.F. Ct. Crim. App. 2024); *United States v. Gattis*, 81 M.J. 748, 754 (N-M. Ct. Crim. App. 2021). But we need not decide here whether and to what extent apparent unlawful influence still exists because even if does, Appellant fails, as noted above, to make a predicate showing of facts that, if true, constitute unlawful influence. Under these circumstances, we need go no further.

Appellant fails to make a predicate showing of unlawful influence, either actual or apparent.

### Decision

We determine that the findings and sentence are correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Chief Judge McCLELLAND and Judge JUDGE concur.



For the Court,

Sarah P. Valdes
Clerk of the Court