# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

**UNITED STATES**

**v.**

**James L. ESPOSITO**
**Seaman Apprentice (E-2), U.S. Coast Guard**

**CGCMS 24230**

**Docket No. 1169**

**28 August 2002**

Special Court-Martial convened by Commander, Coast Guard Group Grand Haven. Tried at Grand Haven, Michigan on 19 March 2002.

| | |
|---|---|
| Military Judge: | CDR Gilbert E. Teal, USCG |
| Trial Counsel: | LCDR Clayton L. Diamond, USCG |
| Defense Counsel: | LT Steven E. Chwarzynski, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

**BEFORE**
**PANEL ONE**
**BAUM, KANTOR[*] & CAHILL**
Appellate Military Judges

CAHILL, Judge:

Appellant was charged with violating four articles of the Uniform Code of Military Justice (UCMJ), involving a total of twenty-five specifications. The charges were set forth on an original charge sheet and three separate additional charge sheets. One of the additional charges with two specifications appears to have been a restatement and consolidation of seven separate specifications under one of the original charges. Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was found guilty of one specification of making a false official statement in violation of Article 107, UCMJ; one specification of wrongfully using marijuana and one specification of wrongfully using cocaine, in violation of Article 112(a), UCMJ; and one specification of wrongfully soliciting another to make a false official statement, one specification of obstructing justice, two specifications of wrongfully providing alcoholic beverages to persons

---

[*] Judge Kantor did not participate in this decision.

under age twenty-one (21), and one specification of wrongfully communicating a threat, all in violation of Article 134, UCMJ.  In accordance with the pretrial agreement, the convening authority withdrew one of the original charges with two specifications and fifteen other specifications to the remaining charges after the accused entered pleas of not guilty to those specifications.

Appellant was sentenced to a bad conduct discharge, confinement for one hundred and twenty days, reduction to the lowest enlisted pay grade, and forfeiture of two-thirds pay per month for four months.  At the time he announced the sentence, the military judge did not announce adjudged forfeitures in whole dollars as required by Rules of Courts-Martial (RCM) 1003(b)(2).  Later, while reviewing the pretrial agreement which allowed the convening authority to approve forfeitures as adjudged but required suspension of the reduction in rate, the military judge and both counsel agreed that the amount of the adjudged forfeitures was $826 per month based on the Appellant's pay as an E-2.  Pursuant to the pretrial agreement, the convening authority approved the sentence and suspended the bad conduct discharge and the reduction in rate for a period of six months from the date of the Convening Authority's action.  Appellant was discharged from the service with an other-than-honorable administrative discharge upon release from confinement.

I.  Amount of Forfeitures.

Before this Court, without admitting that the findings and sentence are correct in law and fact, Appellant has submitted this case on its merits as to any and all errors.  Appellant notes that, although his administrative discharge had the effect of remitting the punitive discharge, this Court retains jurisdiction pursuant to Article 66, UCMJ.  *Steele v. Van Riper,* 50 M.J. 89, 91-92 (1999).  Appellant further notes that the promulgating order does not reflect the dollar amount of forfeitures, possibly because the military judge first announced forfeitures as two-thirds of Appellant's monthly pay, rather than in whole dollars, as required.  Appellant concedes that this error does not appear to have had any practical effect on his pay because he forfeited pay during confinement pursuant to Article 58b, UCMJ, rather than as adjudged forfeitures and his entitlement to pay ended when he was administratively separated from the Coast Guard on the day he was released from confinement.  Moreover, according to Appellant, he was not permitted to use or sell back any of his accrued leave, so that the fact that adjudged forfeitures should have been less than the judge's stated $826 per month appears to be of no consequence.  Nevertheless, we may affirm only the amount that is correct in law and fact.  RCM 1003(b)(2) expressly states that "the maximum forfeiture shall be based on the grade to which the accused is reduced" if a sentence includes reduction in rate.  We also note that at the time the military judge announced sentence, he was not yet privy to the sentence limitation provision of the pretrial agreement that required the convening authority to suspend the reduction in rate, so the adjudged forfeitures could only be determined within the context of the adjudged sentence.  Therefore, we may not affirm forfeitures in excess of $737 per month, based on the adjudged reduction to E-1.

II.  Unreasonable Multiplication of Charges.

Although not raised by Appellant, we have also determined that one specification must be dismissed in its entirety and one specification dismissed in part.  In the sole specification

under Charge I, alleging violation of Article 107, UCMJ, the Appellant was charged with making a false official statement to his executive petty officer about the source of injuries that the Appellant incurred during a fight with another member of the Coast Guard.[1] In specification 12 under Charge III, alleging violations of Article 134, UCMJ, the Appellant was charged with soliciting a fellow crewmember to make a false official statement concerning the source of the injuries.[2] Similarly, in specification 16 under the same charge, the accused was charged with obstructing justice by soliciting the fellow crewmember to make a false statement and by his own false statement that was the basis of the sole specification under Charge I.[3]

During the providence inquiry, the military judge recognized the close relationship between the obstruction of justice specification, the solicitation specification, and the false official statement charge. Trial counsel referred to the discussion of solicitation in the Manual for Courts-Martial (MCM) as a basis for charging the same conduct as both a solicitation and obstruction of justice. MCM, Pt. IV, ¶ 6.c.(3) (2000 ed.). Defense counsel concurred, and the military judge proceeded with the providence inquiry. The Appellant admitted asking the fellow crewmember to make a false statement with the intent of impeding an investigation and making his own false statement with the same intent. The military judge accepted Appellant's guilty plea to each of these offenses.

We believe that the military judge and counsel incorrectly interpreted the MCM. The MCM states, "some offenses require, as an element of proof, some act of solicitation by the accused. These offenses are separate and distinct from solicitations under Articles 82 and 134. When the accused's act of solicitation constitutes, by itself, a separate offense, the accused should be charged with that separate, distinct offense – for example, pandering and obstruction of justice in violation of Article 134." MCM, Pt. IV, ¶ 6.c.(3) (2000 ed.). We read this language to say that, in such circumstances, an accused should be charged with obstructing justice in lieu of, not in addition to, solicitation. While recognizing that the language in the MCM is not binding, and that the prosecution may utilize various charging approaches pending contingencies

---

[1] The sole specification to Charge I reads: In that Seaman Apprentice James. L. Esposito, U.S. Coast Guard, Coast Guard Station Grand Haven, Michigan, on active duty, did, on board Coast Guard Station Grand Haven, Michigan, on or about 29 October 2001, with intent to deceive, make to Boatswain's Mate First Class Michael Snyder, U.S. Coast Guard, Executive Petty Officer at Station Grand Haven, an official statement, to wit: "I broke my collarbone and received lacerations to my head and face while moving a home entertainment center with Boatswain's Mate Third Class Matthew Fuller." or words to that effect, which statement was totally false, and was then known by the said Seaman Apprentice James L. Esposito to be so false.

[2] Specification 12 of Charge III reads: In that Seaman Apprentice James. L. Esposito, U.S. Coast Guard, Coast Guard Station Grand Haven, Michigan, on active duty, did, on or about 27 October 2001, wrongfully solicit Boatswain's Mate Third Class Matthew Fuller, U.S. Coast Guard, to make a false official statement, in violation of UCMJ Article 107, to Boatswain's Mate First Class Michael Snyder, Executive Petty Officer at Station Grand Haven regarding how Seaman Esposito broke his collarbone and received lacerations to his head and face.

[3] Specification 16 of Charge III reads: In that Seaman Apprentice James. L. Esposito, U.S. Coast Guard, Coast Guard Station Grand Haven, Michigan, on active duty, did, on or about 27 October 2001, wrongfully impede an investigation by soliciting Boatswain's Mate Third Class Matthew Fuller, U.S. Coast Guard, to make a false official statement, in violation of UCMJ Article 107, to Coast Guard investigators and by making an official statement to Boatswain's Mate First Class Michael Snyder, Executive Petty Officer at Station Grand Haven, to wit: "I broke my collarbone and received lacerations to my head and face while moving a home entertainment center with Boatswain's Mate Third Class Matthew Fuller." or words to that effect, which statement was totally false, and was then known by the said Seaman Apprentice James L. Esposito to be so.

of proof, we believe that finding the Appellant guilty of both offenses would result in an unreasonable multiplication of charges. *See* RCM 307(c)(4)(discussion); *United States v. Quiroz*, 55 M.J. 334, 337 (2001); *United States v. Labean*, 56 M.J. 587, 589 (C.G.Ct.Crim.App. 2001); and *United States v. Johnson*, 45 M.J. 609, 610 (Army Ct.Crim.App. 1997). Therefore, we will dismiss the solicitation specification. Similarly, we believe that finding the Appellant guilty of both making a false official statement to his executive petty officer in violation of Article 107, UCMJ, and obstructing justice in violation of Article 134, UCMJ, for a single utterance constitutes an unreasonable multiplication of charges. Therefore, we will dismiss that portion of specification 16 that relates to the Appellant's statement to his executive petty officer. However, except as discussed above, we decline to modify the sentence.

III.  Conclusion.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, we have determined that the forfeitures must be reduced to $737 per month for four months, and the solicitation specification and that portion of the obstruction of justice specification involving the Appellant's false statement should be dismissed. The remaining findings and the remainder of the sentence are correct in law and fact, and on the basis of the entire record should be approved. Accordingly, the finding of guilty of Specification 12 of Charge III is set aside and the specification is dismissed; also, the finding of guilty of that portion of Specification 16 of Charge III that relates to Appellant's false official statement is set aside and dismissed. The remaining findings of guilty, as approved below, are affirmed. Only so much of the sentence approved below as provides for a suspended bad conduct discharge, which has been remitted, one hundred and twenty days confinement, suspended reduction in rate, and forfeitures of $737 per month for four months is affirmed. A supplementary court-martial order should be issued reflecting this action.

Chief Judge BAUM concurs.



For the Court,


Roy Shannon, Jr.
Clerk of the Court