Russell B. STEELE, Private First Class,
U.S. Marine Corps, Appellant,

v.

Paul K. VAN RIPER, Lieutenant General,
U.S. Marine Corps, Commanding General, Marine Corps Combat Development Command; G.J. Price, Colonel, U.S. Marine Corps, Commanding Officer, Headquarters and Service Battalion; R.F. Mobilia, Lieutenant Commander, U.S. Navy, Commanding Officer, Navy and Marine Corps Appellate Leave Activity; and the United States, Appellees.

No. 98–8010.
Crim.App. No. 97–1615.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 5, 1998.

Decided March 26, 1999.

Crawford, J., concurred in result and filed opinion.

For Appellant: *Lieutenant Frank M. Doherty,* JAGC, USNR (argued); *Lieutenant Albert L. Di Giulio,* JAGC, USNR (on brief).

For Appellees: *Captain Paul D. Kovac,* USMC (argued); *Colonel Charles Wm. Dorman,* USMC, *Lieutenant Commander Paul Jones,* JAGC, USNR, and *Lieutenant Russell J.E. Verby,* JAGC, USNR (on brief); *Colonel Kevin M. Sandkuhler,* USMC.

PER CURIAM:

## I. BACKGROUND

### A. Trial Proceedings

Appellant was tried by a special court-martial composed of officer and enlisted

members. Contrary to his pleas, he was convicted of wrongfully using marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. On June 26, 1996, he was sentenced to a bad-conduct discharge and reduction to the lowest enlisted grade.

### B. Post–Trial Action by the Convening Authority

The next step in the court-martial process—action on the findings and sentence by the convening authority—was not taken until May 27, 1997, more than 11 months after the adjudication of the sentence. The record contains no explanation as to why nearly a year elapsed before completion of post-trial processing.

In the meantime, appellant retained his rank and was returned to duty. For the next 7 months, he continued to perform his duties as a Marine. On February 10, 1997—prior to action on the case by the convening authority—as appellant approached the expiration of his term of service (ETS), his command initiated routine ETS processing, including clearance with legal and administrative offices. After completing the process, appellant was issued a Department of Defense (DD) Form 214 on February 14, 1997, discharging him from military service, effective February 17, 1997, in the grade of Private First Class (E–2). After permanently departing from Marine Corps Base, Quantico, he established a civilian residence and obtained civilian employment. On February 24, the Marine Corps Finance Center issued appellant a final accounting of pay, which he received on March 5 and deposited in his checking account on March 10.

Following appellant's return to civilian life, as noted above, the convening authority on May 27, 1997, approved the sentence. The convening authority ordered the reduction to be executed, while the discharge remained in abeyance pending appellate review.

### C. Proceedings at the Court of Criminal Appeals

On June 24, the Commanding General, Marine Corps Combat Development Command, sent appellant orders placing him in an involuntary leave status. A day later, the convening authority sent appellant a letter stating that he had been discharged erroneously and that he was being placed in an involuntary leave status. On September 10, 1997, nearly 15 months after the sentence was adjudged, the record of trial was received by the Navy–Marine Corps Appellate Review Activity.

While the matter was pending before the Court of Criminal Appeals, appellant filed with that court a petition for extraordinary relief in the nature of a writ of prohibition. The petition was denied by the Court of Criminal Appeals in a summary opinion.

### D. Current Appellate Proceedings

Appellant appealed the denial of his request for extraordinary relief to our Court, raising the following issue:

WHETHER APPELLEES CAN INVALIDATE APPELLANT'S HONORABLE DISCHARGE, ORDER APPELLANT TO INVOLUNTARY LEAVE, AND EXECUTE HIS COURT–MARTIAL SENTENCE TO A BAD–CONDUCT DISCHARGE AND REDUCTION TO PAY GRADE E–1, AFTER APPELLANT WAS GIVEN HIS DD 214 BY APPROPRIATELY AUTHORIZED OFFICIALS, RECEIVED HIS FINAL ACCOUNTING OF PAY FROM THE MARINE CORPS FINANCE CENTER, AND UNDERWENT COMMAND CHECK–OUT PROCEDURES WITH THE SAME CONVENING AUTHORITY WHO THREE MONTHS LATER TOOK HIS ACTION IN THE CASE.

In appellant's brief, he requested relief in the form of a writ issued by this Court that would order the Marine Corps

to cease attempts to invalidate [appellant's] honorable discharge, to cease ordering [appellant] to involuntary leave, and to prevent the execution of [appellant's] court-martial sentence to a bad-conduct discharge and reduction to E–1 upon the completion of appellate review since [ap-

pellant] has been honorably discharged as an E–2.

Final Brief at 5.

On February 19, 1998, we issued a temporary stay, ordering that no action be taken that would invalidate appellant's honorable discharge, order him to active duty, or execute the punitive discharge or reduction pending further order of this Court. Both parties subsequently filed briefs on the issue presented in appellant's writ-appeal.

On September 11, 1998, the Government withdrew its initial response, which had taken the position that the convening authority had the power to approve the sentence. In its new filing, the Government conceded that appellant "is entitled to his honorable discharge as indicated on his DD 214." The Government further acknowledged the sentence could not be approved by the convening authority "and is effectively remitted due to [appellant's] honorable discharge." Answer to Final Brief at 3.

The Government also asserted that the findings could be approved after review by a judge advocate under Article 64, UCMJ, 10 USC § 864(1993) (review of cases that have not been reviewed by a Court of Criminal Appeals under Article 66, UCMJ, 10 USC § 866(1994), or by the Judge Advocate General under Article 69(a), UCMJ, 10 USC § 869(a)), but that absent an approved bad-conduct discharge, appellate courts were without jurisdiction to review the findings. See Art. 66(b)(1) and Art. 67(a)(3), UCMJ, 10 USC § 867(a)(3)(1994).

Appellant filed no response to the Government's September 11 filing. The validity of the findings was not challenged by appellant in his writ-appeal petition for review, and was not briefed by the parties. During oral argument, appellant disagreed with the Government's assertion that the findings could be approved.

## II. DISCUSSION

The issue presented in this writ appeal has arisen because the statutory and regulatory provisions governing administrative discharges, e.g., 10 USC §§ 1161–117 and Department of Defense Directive 1332.14 (December 21, 1993), are separate from and not necessarily coordinated with the authorities governing review of courts-martial, e.g., 10 USC §§ 859–876b. Because many administrative discharges can be executed in the field without centralized approval, it is possible for a person who has been sentenced to a punitive discharge by court-martial to be discharged administratively while the unexecuted punitive discharge is pending appellate review.[1]

This Court has held that, if a person is discharged administratively while appellate review is pending, there is "no good reason to hold the findings and sentence of the court-martial are impaired by the discharge." United States v. Speller, 8 USCMA 363, 368, 24 CMR 173, 178, (1957). Similarly, the power of review authorities over the court-martial is unaffected by the administrative discharge. See United States v. Woods, 26 MJ 372 (CMA 1988); United States v. Jackson, 3 MJ 153 (CMA 1977); United States v. Entner, 15 USCMA 564, 36 CMR 62 (1965); United States v. Speller, supra; United States v. Sippel, 4 USCMA 50, 15 CMR 50 (1954). Moreover, the administrative discharge does not negate the responsibility of the convening authority to act on the findings and sentence; nor does it restrict his power to do so. See generally Speller, supra at 365–66, 24 CMR at 175–76 (recognizing validity of convening authority's action where accused was released from active duty and transferred to Reserves after court-martial but before the convening authority's action).

As indicated earlier, the convening authority here approved the findings and sentence. The earlier honorable discharge

---

1. The potential conflict between administrative and judicial procedures—and the difficult jurisdictional issues raised thereby—could be substantially reduced, if not eliminated, through appropriate direction (e.g., by the President in the Manual for Courts–Martial) that the authority to administratively discharge persons with adjudged but unexecuted punitive discharges be restricted to senior officials (e.g., the Secretaries of the Military Departments).

through administrative channels had the effect of remitting the bad-conduct discharge that had been adjudged. *See Speller, supra* at 369, 24 CMR at 179. As a result, the bad-conduct discharge cannot be executed, *see id.,* but the remission of the punitive discharge does not affect the power of the convening authority or appellate tribunals to act on the findings and sentence. As we said in *Speller* :

> Assuming, for the sake of argument, that a sentence cannot be satisfied because of the action of military authorities, that has nothing to do with the legality of the findings or any part of the sentence which has been satisfied.... It seems more logical to us to hold that once findings are returned and sentence imposed by a court-martial which is clothed with the power and authority to hear the charge, any action taken thereafter which merely affects the execution of the sentence does not affect the legality of the conviction.

*Id.*

In view of the Government's most recent filings, which were reiterated during oral argument, it appears that appellant will obtain the critical elements of the relief he requested. His honorable discharge will be not be disturbed, and the adjudged sentence of a bad-conduct discharge and reduction in rank will not be executed. In light of the Government's concession that appellant's sentence will not be executed, as well as his administrative separation from military service, it also appears that he will not be placed on involuntary appellate leave under Article 76a, UCMJ, 10 USC § 876a.

## III. DECISION

The temporary stay issued on February 17, 1998, is hereby lifted. Appellant's writ-appeal petition for review is denied without prejudice to his raising such issues as may be warranted by the circumstances in the course of further direct review, or through an appropriate petition for extraordinary relief. Direct review under Articles 66 and 67 shall proceed.

CRAWFORD, Judge (concurring in the result):

I concur in the result, based solely on the government concessions in this case. To prevent possible future administrative errors, the Services or the President should promulgate a regulation that administrative discharges of those under charges or pending appellate review will not be effective unless approved by the Service Secretary or a designated Under Secretary. *Cf.* 50 MJ at 91 n. 1; *Smith v. Vanderbush,* 47 MJ 56 (1997).