STUCKY, Judge,
with whom BAKER, J„ joins (dissenting):
The majority states that “[although para. l-3.a. provides guidance as to how the discharge authority should exercise discretion in issuing a discharge certificate, the manner in which the discharge authority exercises this discretion does not remove that person from occupying the status of a discharge authority.” United States v. Watson, 69 M.J. at 420 (C.A.A.F.2011). Therefore, “a mistake in the exercise of discretion by a discharge authority does not fall within circumstances under which revocation is authorized by para. 1-10.6.” Id. This may be true, but misses the point. This is not a revocation case. The provisions of Dep’t of the Army Reg. (AR) 135-175, A'my National Guard and Army Reserve, Separation of Officers para. 1-3.a. (Feb. 28, 1987),[1] are mandatory, not merely precatory. The administrative discharge in this ease was void ab initio. The discharge authority, the Commander of Human Resource Command (HRC), lacked delegated authority to issue the discharge because she did not intend the discharge to remit Appellant’s conviction or sentence to a dismissal.
I.
Paragraph l-3.a. does not merely provide guidance to discharge authorities. It directs that “[rjeserve component officers will be separated only by ... (2) [cjommanders specified in this regulation under conditions set forth in this and other pertinent regulations.” AR 135-175 para. l-3.a. (emphasis added). A condition precedent to the delegation is then stated in para. 1-3.a. (4):
In relation to (2) and (3) above, the discharge authority delegated to commanders by this regulation will not include authority to discharge an officer under a court-martial conviction to dismissal, prior to completion of appellate review, unless the discharge authority intends the discharge to act as a remission of the conviction.
Emphasis added.
The regulation’s language is plain. The authority granted by para. l-3.a.(2) is subject to conditions within the regulation, such as the condition stated in para. l-3.a.(4). Pursuant to that condition, a discharge authority has authority to discharge an officer under a court-martial sentence of dismissal only when the discharge authority intends the discharge to remit the conviction, or at least the dismissal. Id.
The majority’s concern about the regulation’s potentially ambiguous use of “remission of the conviction” instead of remission of a sentence to dismissal is misplaced, when, as discussed below, there is no evidence that the discharge authority intended to remit anything. Indeed, regardless of the breadth of the original grant of authority, see Watson, 69 M.J. at 420, if the discharge authority lacks the requisite intent, then under the regulation there is no authority to issue a discharge. An action without authority is void ab initio. See United States v. Wilson, 53 M.J. 327, 332-33 (C.A.A.F.2000) (holding that a discharge from an entity without authority to issue the discharge was without effect).
*422 II.
The majority avoids this outcome by classifying the HRC Commander’s error as merely a mistaken exercise of the broad authority granted to the discharge authority under para. l-3.a. The majority supports this conclusion by citing to Huang v. Sec’y of the Army, 23 F.Supp.2d 1377, 1380 (N.D.Ga.1998), which determined that AR 135-175 “has no provision even indirectly authorizing revocation of discharge for ‘obvious error.’ ”
Reliance on Huang is misplaced. First, the district court’s opinion specifically noted that the Army had “not challenged [the discharge authority’s] authority to issue the discharge certificate itself.” Id. at 1379. Second, the discharge authority’s error concerned whether Huang had met the grounds for discharge, not, as here, whether the discharge authority had authority to discharge the officer. Id. For these reasons, the court in Huang was able to reach the issues of revocation and whether the discharge authority was a “headquarters authorized to approve the discharge.”
In this case, the Army did challenge the Commander’s authority, because it correctly recognized that para. l-3.a.(4) compelled a different result in this case, given that the regulation makes the HRC Commander’s intent to remit a conviction, or at least the punitive discharge, essential to having authority to discharge the officer. For the reasons below, I do not assume that the discharge authority had the requisite intent. Therefore, unlike the majority, I do not reach the issue of revocation under para. 1-10.6.
III.
As previously stated, para. l-3.a.(4) requires a discharge authority to “intend[ ] the discharge to act as a remission of the conviction.” Intend means “[t]o have in mind a fixed purpose to reach a desired objective; to have as one’s purpose.” Black’s Law Dictionary 881 (9th ed.2009). Certainly the mere act of issuing a discharge does not demonstrate that the HRC Commander had a fixed purpose of remitting Appellant’s dismissal. This is particularly so when the documents accompanying the discharge do not affirmatively demonstrate any knowledge by the Commander of the court-martial, let alone any affirmative intention to remit Appellant’s conviction or dismissal.
Moreover, in this case, there is no need to speculate as to the Commander’s intent, because in an affidavit accepted by the United States Army Court of Criminal Appeals (CCA), and now part of the record, she denied having any knowledge of Appellant’s court-martial conviction or intending to remit it or the punitive discharge. The majority concludes that reliance on the discharge authority’s affidavit is inappropriate in this case because the CCA had “no authority” to order or rely on an affidavit. Watson, 69 M.J. at 420. The majority’s assertion contradicts the longstanding practice of relying on affidavits as a means to resolve, on appeal, collateral claims that were not developed in the record of trial. See United States v. Lewis, 42 M.J. 1, 6 (C.A.A.F.1995) (“A Court of Criminal Appeals has discretion ... to determine how additional evidence, when required, will be obtained, e.g., by affidavits, interrogatories, or a factfinding hearing.”); see also United States v. DuBay, 17 C.M.A. 147, 149, 37 C.M.R. 411, 413 (1967) (recognizing the need for hearings to settle disputed issues of facts when “resort to affidavits [is] unsatisfactory”), quoted in United States v. Dykes, 38 M.J. 270, 272 (C.M.A.1993) (alteration in original). Even without the affidavit, the mere issuance of the discharge certificate, without more, does not provide sufficient grounds to conclude that the discharge authority had the requisite intent, and hence the delegated authority.
Because the Commander did not intend to remit the sentence, she had no delegated authority to issue the discharge pursuant to the regulation. See AR 135-175 para. 1-3.a.(4); see also United States v. Garvin, 26 M.J. 194, 195-96 (C.M.A.1988) (holding that “the mistaken delivery of a discharge certificate ... was not accomplished with the intent required to effect a valid discharge”). An action without authority is invalid, and, for this reason, the discharge was void ab initio. See United States v. Banner, 22 *423 C.M.R. 510, 516 n. 1 (A.B.R.1956) (holding a discharge void when “effected on a ground on which the discharging authority had no authority to discharge” (citing United States v. Reid, 15 C.M.R. 899 (A.B.R.1954))).
Although I disagree with the majority as to the result reached in this case, I share the majority’s belief that the Army’s discharge regulations could have been drafted more clearly. The problem in this ease would likely not have arisen had the regulations provided appropriate safeguards to ensure that the left hand knew what the right was doing, such as providing a process to validate or implement the exercise of HRC Commander’s contingent authority. As I said in Estrada, Army officials may wish to adopt a uniform standard among regulations that clearly spells out key terms and conditions for issuing administrative discharges. See United States v. Estrada, 69 M.J. 45, 48 (C.A.A.F.2010).
IV.
I would affirm the judgment of the United States Army Court of Criminal Appeals.

. After a published Rapid Action Revision dated April 27, 2010, the numbering of the regulation was affected, changing para. 1-3 to 1-4. I will continue to refer to the regulation as 1-3 in order to parallel the majority’s discussion.